

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| VIRGINIA VAN DUSEN; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SWIFT TRANSPORTATION CO., INC.; et al., <br><br> Defendants-Appellees. | No. 11-17916 <br><br> D.C. No. 2:10-cv-00899-JWS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted November 4, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Virginia Van Dusen and Joseph Sheer appeal the district court's denial of

their motion for reconsideration of the grant of Swift Transportation Co., Inc.'s

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(Swift) motion to compel arbitration. We have jurisdiction under 28 U.S.C. § 1292(b).

Our prior opinion in this case, *In re Van Dusen*, expressly held that a district court must determine whether an agreement for arbitration is exempt from arbitration under § 1 of the Federal Arbitration Act (FAA) as a threshold matter. 654 F.3d 838, 843–45 (9th Cir. 2011). This ruling is the law of the case. *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012). Further, the resolution of this issue was germane to *Van Dusen*'s consideration of the third *Bauman* factor (whether the district court's order was clearly erroneous), *see Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977), and occurred "after reasoned consideration in a published opinion." *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc) (plurality opinion). Therefore, the ruling is also the law of the circuit. *Id.* The district court erred in holding otherwise. On remand, the district court must determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA before it may consider Swift's motion to compel.

**REVERSED AND REMANDED.**